## Merle & Heaney Mfg. Co. v. Ellen McNulty.

1. Verdicts—*Conclusive on Questions of Fact.*—It is for the jury to settle questions of fact, and a verdict is, as a general rule, conclusive.

Trespass.—Appeal from the Superior Court of Cook County; the.Hon. Philip Stein, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Affirmed. Opinion filed December 5, 1899.

Cutting, Castle & Williams, attorneys for appellant.

Bowles & Bowles, attorneys for appellee.

Mr. Justice Shepard delivered the opinion of the court.

The appellee brought suit in case against appellant, for entering her premises, by its agents, and carrying away her goods, to wit, one cash register, the property of appellee, of the value of $125, and recovered a verdict and judgment for $139.

It is not disputed that appellant, by its servants, took the cash register in question from appellee.

By one of its pleas, appellant sought to justify its taking of the register under the terms of a chattel mortgage given to secure its purchase price of $125, upon which a balance of $10 was claimed to be due. Appellee joined issue upon that plea by denying that anything remained unpaid upon the mortgage, and the case was tried upon such issue.

The question was purely one of fact, and appellant argues only such of its assignments of error as reach the point that the verdict was contrary to the evidence. Whether the debt secured by the mortgage was fully paid, or not, is narrowed down to the single consideration as to whether a receipt for $10.05, given by appellant to appellee, at a time when one of the notes was paid but not surrendered, represented the same sum of money that the note did or not, both the note and receipt being in the possession of appellee.

So far as the evidence alone is concerned the preponderance may be fairly said to be on the side of the appellee,

although there are some strong inferences in aid of the evidence on the side of appellant. Indeed, the argument that is made for a reversal of the judgment rests strongly upon such inferences.

There is, however, one inference not without weight, in support of appellee's contention that she paid the full amount of the mortgage, viz.: that while all but the last $10 of the debt, of which all but $2 was payable in monthly installments, was paid at or about the maturity of the several notes evidencing the debt, no steps were taken to collect the last $10 until some ten months after $8 of it had become due.

But it is not for us to say where the exact truth lies. The jury have settled that question, and no error being claimed in other respects the judgment will be affirmed.